# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| MATTHEW LUSANE, | ) | CASE NO. 5:18 CV 1816 |
|---|---|---|
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CHARMAINE BRACY, WARDEN | ) | |
| Respondent. | ) | |

*Pro se* Petitioner Matthew Lusane filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Trumbull Correctional Institution, having been convicted in 2014 of Operating a Vehicle Under the Influence ("OVI"), and Driving Under Suspension. In this action, Petitioner is attacking his 2005 conviction in Portage County Municipal Court Case No. 2005 TRCO 4525 that was used to enhance the OVI charges in his current conviction to fourth-degree felonies. His sentence for that 2005 conviction was thirty days in jail. He contends his 2005 conviction must be declared invalid because the docket does not indicate that the trial court obtained an adequate explanation from Petitioner prior to accepting his no contest plea and as a result his conviction was not supported by sufficient evidence. He asks this Court to vacate his 2005 conviction and immediately release him from prison.

**Factual and Procedural Background**

Petitioner was the subject of a traffic stop in Ravenna, Ohio on August 28, 2005. He was cited for OVI (3rd offense), and three other offenses. The citations were filed in the Ravenna

Division of the Portage County Municipal Court. Within seven days of the Ravenna stop, Petitioner was again the subject of a traffic stop, this time in Kent, Ohio. He was cited for OVI and other traffic violations. Those citations were filed in the Kent Division of the Portage County Municipal Court. Petitioner entered a no contest plea to the Kent OVI charge on December 5, 2005 in exchange for the dismissal of the remaining traffic offenses. The court accepted his plea and sentenced him to thirty days in jail. Three weeks later, on December 27, 2005, the Ravenna court accepted Petitioner's guilty plea to the OVI charge in exchange for dismissal of the other charges. The Ravenna court also sentenced him to thirty days in jail. Neither the Kent judgment nor the Ravenna judgement made reference to the other court's action. Petitioner did not appeal either judgment.

On January 7, 2011, Petitioner received another citation from Ravenna for an OVI offense. Because this was Petitioner's fourth offense within six years, he was charged with a fourth degree felony. Petitioner agreed to plead guilty to a first degree misdemeanor in exchange for dismissal of the remaining charges. He was sentenced on July 30, 2012 to serve 60 days in the Portage County Jail, pay a fine of $850.00 and undergo a license suspension of five years.

In April 2011, while the felony case was still pending, Petitioner filed a Motion to Vacate his no contest plea in the 2005 Kent case. Before the court could address the Motion, however, Petitioner withdrew it.

In July 2013, Petitioner was indicted on two OVI offenses and one count of driving with a suspended license, a first-degree misdemeanor under Ohio Rev. Code § 4510.11(A). The OVI charges were brought pursuant to Ohio Rev. Code §§ 4511.19(A)(1)(h) and 4511.19(A)(1)(a), and alleged that Petitioner pled guilty to, or had been convicted of, five prior OVI offenses within the last twenty years making making the current OVI charges fourth-degree felonies pursuant to Ohio

Rev. Code § 4511.19(G)(1)(d). The OVI counts also contained a repeat offender specification under Ohio Rev. Code § 2941.1413, predicated upon the allegation that Petitioner had either been convicted of, or pleaded guilty to, five other OVI offenses in the past twenty years. Petitioner moved the trial court to dismiss all OVI counts on the basis that one of the five prior offenses, specifically the 2005 Ravenna case, was invalid because no plea hearing was held. He contended that, as he had only four valid prior convictions, he could only be charged with a first-degree misdemeanor OVI offense, as compared to a fourth-degree felony. The court denied the Motion. In 2014, Petitioner was found guilty of both OVI charges. The court imposed two consecutive terms of two years on the OVI charges and four years on the remaining specification. The court further imposed a concurrent term of 180 days for driving under suspension. His conviction was upheld on appeal.

Petitioner returned to the Kent Division of the Portage County Municipal Court in September 2016, 2016 and requested a verbatim transcript of the December 6, 2005 plea hearing. The court denied his request stating that the stenographer's notes no longer existed because the case was eleven years old. Petitioner then filed a Motion to Withdraw his no contest plea in his 2005 OVI case, arguing that without a transcript, it could not be determined that the state provided an adequate explanation of the underlying facts nor could it be determined that the court complied with Ohio Criminal Procedure Rule 11 prior to accepting his plea. The court overruled his Motion on January 4, 2017.

Petitioner appealed that decision to the Ohio Eleventh District Court of Appeals, and asserted three grounds for relief: (1) the court erred in denying his motion where there was no compliance with Traffic Rule 10(c); (2) the trial court erred in denying the motion where the record is devoid of any explanation of the circumstances of the crimes; (3) the trial court's denial of his motion resulted

in manifest injustice. The Court denied the appeal stating Petitioner's grounds were barred by *res judicata* because they could and should have been raised on direct appeal. He then filed a Motion seeking leave to file a delayed appeal. Citing the twelve year delay and Petitioner's lack of diligence in pursuing a timely appeal, the Court denied the Motion.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2005 OVI from the Kent Division of the Portage County Municipal Court. He asserts four grounds for relief:

> 1. Petitioner's Sixth & Fourteenth Amendment right to counsel and due process of law under the U.S. Constitution was violated. On December 6, 2005 Petitioner pled no contest to Misdemeanor OVI (O.R.C. 4511.19(G)(1)(c)) and was found guilty. However, the trial court did not call for, and take an explanation of circumstances prior to finding Petitioner guilty of the Misdemeanor. Moreover, Petitioner's counsel, Michael George, failed to object to the perfunctory determination nor did he file a notice of appeal.
>
> 2. Petitioner's Fourteenth Amendment right to due process of law under the United States Constitution was violated. The 11th District Court of Appeals denied Petitioner's Motion for Leave to File a Delayed Appeal citing several different appellate cases filed years later attempting to show Petitioner's lack of diligence in protecting his appellate rights. Petitioner's contention is that as an indigent party who was appointed counsel he was entitled the granting of leave to appeal for he was never advised of his appeal options within 30 days after the court's judgment Dec. 6, 2005 to perfect an appeal. Furthermore, a miscarriage of justice occurred Dec. 6, 2005 where Petitioner's conviction was not supported by sufficient evidence.

(Doc. No. 1 at 6, 8).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed

after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774-76 (6th Cir. 2008).

**Analysis**

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, Petitioner must show that he is "in custody" pursuant to the judgment of a state court. 28 U.S.C. § 2254(a). Because Petitioner is no longer serving the sentence for his 2005 conviction, he cannot bring a federal habeas action directed solely at that conviction. *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401-08 (2001). Moreover, his Petition cannot be construed as asserting a challenge to his 2014 OVI conviction for which he is currently serving a six year sentence, as

enhanced by the allegedly invalid 2005 conviction, because he already filed a habeas petition to challenge that conviction and it is still pending in this Court. *Lusane v. Bracy*, No. 5:18 CV 632 (N.D. Ohio filed Mar. 19, 2018).

## Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: December 11, 2018